# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
### 3:26-cv-401-KDB

| | | |
|---|---|---|
| ELDA JAMILETH COREA VILLANUEVA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM OF** |
| | ) | **DECISION AND ORDER** |
| KRISTEN SULLIVAN, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

**THIS MATTER** is before the Court on an Unopposed Motion to Transfer Venue [Doc. 4] filed by the United States.

On May 22, 2026, the Petitioner filed a Petition pursuant to 28 U.S.C. § 2241, challenging her immigration detention, threatened transfer, and threatened removal without meaningful process or individualized custody review. [Doc. 1]. She seeks *inter alia* immediate injunctive relief. [Id.].

On May 27, 2026, the Court ordered the United States to respond within seven days. [Doc. 3].

On June 1, 2026, the United States filed the instant Motion, asking that the Court transfer the Petition to the United States District Court for the Middle District of Georgia where venue lies. [Doc. 4]. The United States argues that Petitioner was apprehended in North Carolina on May 21, 2026, and was transferred that same day to the Irwin County Detention Center in Ocilla, Georgia, which lies in the Middle District of Georgia. The Petitioner remains at that facility to date, and was detained there when the Petition was filed in this Court. [Id. at 3-4]. Counsel for the Petitioner

1

does not oppose transfer of this action to the Middle District of Georgia. [Id. at 4].

Title 28, Section 2241 provides district courts with authority to grant relief "within their respective jurisdictions.'" Rumsfeld v. Padilla, 542 U.S. 426, 434-35 (2004) (quoting 28 U.S.C. § 2241(a)). As a general matter, "a habeas petition seeking to challenge present physical custody should be filed 'in the district of confinement' and 'the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" Id. at 426 (quoting 28 U.S.C. § 2242); see Kanai v. McHugh, 639 F.3d 251, 255 (4th Cir. 2011) ("When a petitioner is physically detained … the 'district of confinement' necessarily is the location of both the habeas petitioner and the immediate custodian"). The custodian is "the person with the ability to produce the prisoner's body before the habeas court. Padilla, 542 U.S. at 434. Because "[b]y definition, the immediate custodian and the prisoner reside in the same district," the Court generally requires petitioners to name "some person who has the immediate custody of the party detained" rather than "the Attorney General or some other remove supervisory official." Suri v. Trump, 2025 WL 1806692 (4th Cir. July 1, 2025).

In the instant case, Petitioner was being restrained in the Middle District of Georgia at the time the Petition was filed and, therefore, her immediate custodian was also located there. Accordingly, venue lies in the Middle District of Georgia. See 28 U.S.C. §§ 2241, 2242; Padilla, 542 U.S. 426.

Title 28 U.S.C. § 1631 provides a court with authority to transfer a case for lack of jurisdiction. Specifically, Section 1631 provides that "the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court ... in which the action or appeal could have been brought at the time it was filed or noticed." 28 U.S.C. § 1631; see also 28 U.S.C. § 1404(a), 1406(a). At the time that the instant Petition was filed, it was properly filed in the Middle

District of Georgia. Pursuant to Sections 1631 and 1406, and in the interest of justice, the matter will be transferred to the United States District Court for the Middle District of Georgia.

For the foregoing reasons, this action is transferred to the Middle District of Georgia for all further proceedings.

**ORDER**

**IT IS, THEREFORE ORDERED** that the United States' Unopposed Motion to Transfer Venue [Doc. 4] is **GRANTED**.

This action is **TRANSFERRED** to the United States District Court for the Middle District of Georgia.

The Clerk is respectfully instructed to terminate this case.

**IT IS SO ORDERED.**

Signed: June 2, 2026

Kenneth D. Bell
United States District Judge

3